UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORRIS GLEN LEVINE,

                              Plaintiff,

                  -against-

PROJECT RENEWAL,

                              Defendant.

24-CV-0616 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that he is staying in a homeless shelter operated by Project Renewal, and his disabilities have not been accommodated. The complaint can be liberally construed as asserting federal claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq*., the Rehabilitation Act, 29 U.S.C. § 701 *et sq*., and the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*.. The Court also considers whether the complaint can be construed as asserting claims under 42 U.S.C. § 1983. By order dated January 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.  For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Morris Levine alleges the following facts. He has "severe health issues," including asthma and Crohn's disease. (ECF 1 at 2.)  On January 18, 2024, he was admitted to Anna's Place, which is a homeless shelter for men operated by Project Renewal. (*Id.* at 5.) He contends that he is "supposed to be in a medical dorm" and "a nonsmoking facility." (*Id.* at 2.) He is also on a "special diet." (*Id.*)

Other clients are "violating the rules of the shelter" and smoking cigarettes and "K2." (*Id.* at 5.) Shelter staff allow clients to smoke and say that they "can't control anyone." (*Id.*) Moreover, staff refused to allow Plaintiff "to bring in special food." (*Id.*) Plaintiff is "Narcan certified" and shelter staff gave Plaintiff "a hard time" for carrying Narcan and require him to "go through metal detectors." (*Id.* at 6.).

Plaintiff sues Project Renewal, seeking $8,000 "for all of the pain, suffering, and aggravation." (*Id.*)

## DISCUSSION

### A.    Failure to Accommodate Disabilities

#### 1.    Title III of the ADA

The ADA consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Public accommodations are defined to include "any inn, hotel, motel, or other establishment which provides lodging to transient guests." 42 U.S.C. § 2000a.[1] The Court assumes for purposes of this order that Project Renewal's shelter qualifies as a public accommodation and construes Plaintiff's allegations that Project Renewal failed to accommodate his disabilities as a claim arising under Title III of the ADA.

---

[1] By contrast, residential facilities do not qualify as public accommodations. 42 U.S.C. § 2000a(b); *Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA" but if plaintiff resided in public housing he could replead claim under Title II).

"[A] plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)). Plaintiff's allegations suggest that he sought modification of shelter rules, and the Court therefore construes the complaint as asserting a claim for failure to reasonably accommodate his disability.

The ADA requires covered entities to make "reasonable modifications in policies, practices, or procedures, when such modifications are necessary." 42 U.S.C. § 12182(b)(2)(A) (ii).  To bring a failure to accommodate claim, a plaintiff must show (1) he suffers from a disability;[2] (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation. *Sinisgallo v. Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012).[3] Money damages are not available for a violation of Title III. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief, however, is not available to private individuals under Title III of the ADA.").

As an initial matter, the Court notes that Plaintiff has sought only money damages in his complaint. Plaintiff has not requested injunctive relief, and such relief might be available only if

---

[2] The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(a-c).

[3] To establish a prima facie case of disparate impact under the ADA, the plaintiff must demonstrate "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016) (internal quotation marks and citations omitted).

his past problems at the shelter are ongoing. Because Plaintiff seeks only money damages, and this relief is not available, he fails to state a claim for a violation of the ADA's Title III.

Moreover, even if Plaintiff had sought injunctive relief, his allegations are insufficient to make out a failure to accommodate claim under the ADA because he does not allege that his disabilities were known to defendants or that he requested modifications of shelter rules and practices due to his disabilities. Plaintiff alleges that he suffers from Crohn's disease and asthma, and the Court assumes for purposes of this order that these constitute disabilities, though Plaintiff does not allege facts showing that these illnesses impair his life activities. Plaintiff alleges that staff at Project Renewal refused to allow him "to bring in special food" (ECF 1 at 5), and the Court assumes that he sought to do so because of his Crohn's disease. Nothing in the complaint, however, suggests that Project Renewal staff who prohibited this were aware of his Crohn's disease or knew that he was requesting modification of the shelter's rules about food because of his Crohn's disease. Similarly, although Plaintiff alleges that shelter staff said that they were unable to control other residents' noncompliance with antismoking regulations, he does not allege that he notified those staff members of his asthma and that he required an accommodation for his disability.[4] For all of these reasons, Plaintiff fails to state a claim under Title III of the ADA. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] In addition, although the reasonableness of a requested accommodation is generally not an issue to be resolved at the pleading stage, *see Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995), the Court notes that a reasonable accommodation must have a "demonstrated relationship" to the disability. *Logan v. Matveeskii*, 57 F. Supp. 3d 234, 263 (S.D.N.Y. 2014) (requiring reasonable accommodation under ADA to have "demonstrated relationship" to the disability). For example, in determining whether Plaintiff's request to bring "special food" into the shelter due to his disability is a reasonable accommodation, it may be relevant whether shelter residents consumed all of their meals off of the premises, whether Plaintiff's disability required him to eat more frequent meals, or other factors showing a relationship between the requested accommodation and the disability.

If Plaintiff chooses to file an amended complaint to replead his ADA claim to seek injunctive relief only, he should plead facts addressing the elements of an ADA claim outlined above.

2.      Rehabilitation Act

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance or under any program or activity conducted by any [e]xecutive agency." 29 U.S.C. § 794(a). To make out a prima facie case under the Rehabilitation Act, a plaintiff must show "(1) that [he] is a qualified individual with a disability; (2) that the defendants are subject to [the Rehabilitation Act]; and (3) that [he] was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [his] disability." *Harris v. Mills*, 572 F.3d 66, 73-74 (2d Cir. 2009).

The Rehabilitation Act differs from the ADA in a few significant ways. First, the Rehabilitation Act only covers programs receiving federal financial assistance. 29 U.S.C. § 794. Second, the Rehabilitation Act prohibits denials of benefits that are "solely" by reason of disability. Id. Third, damages are available for a violation of the Rehabilitation Act (unlike Title III of the ADA), but only where there has been intentional discrimination. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009). "In the context of the Rehabilitation Act, intentional discrimination against the disabled does not require personal animosity or ill will. Rather, intentional discrimination may be inferred when a 'policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will

result from the implementation of the [challenged] policy . . . [or] custom.'" *Id.* (citation omitted).

Here, Plaintiff fails to plead facts sufficient to state a claim under the Rehabilitation Act. First, Plaintiff has not alleged that Project Renewal receives federal funding and thus he has not pleaded facts showing that the Rehabilitation Act governs his claims. Second, Plaintiff seeks only damages, but he has not alleged the kind of intentional discrimination that could give rise to a claim for damages under the Rehabilitation Act. He does not allege facts suggesting that any policymaker at Project Renewal acted with deliberate indifference to the strong likelihood that a violation of federally protected rights would result from its policies. Finally, Plaintiff's Rehabilitation Act claims also suffer from the same defects as his ADA claims. There is no indication that Plaintiff made staff aware of his disabilities and requested an accommodation for these disabilities; accordingly, he cannot show that he was denied participation in the shelter's services "solely" due to his disability. The Court therefore dismisses Plaintiff's Rehabilitation Act for failure to state a claim on which relief can be granted, with leave to replead. 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Fair Housing Act

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C. § 3604(b), (f). "To state a prima facie case for discrimination based on a failure to reasonably accommodate, a plaintiff must demonstrate that: (1) he suffers from a handicap as defined by the FHAA; (2) the defendant knew or reasonably should have known of the plaintiff's handicap [or disability]; (3) accommodation of the handicap [or disability] 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to

make such accommodation." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012) (applying the test in the context of the FHA); 42 U.S.C. § 3604(f)(3)(B) (defining discrimination in part as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling").

The FHA differs in some respects from the ADA and Rehabilitation Act. First, "some individuals may not be "handicapped" within the meaning of the [FHA] even though they are 'disabled' within the meaning of the ADA and the Rehabilitation Act." *Logan v. Matveevskii,* 57 F. Supp. 3d 234, 255 (S.D.N.Y. 2014). Second, "coverage under the FHA is limited to statutorily defined 'dwellings.'" *Id.* Courts within this Circuit have used a two-part test in evaluating whether a building qualifies as a "dwelling" covered by the FHA: "(i) whether the structure is intended or designed for occupants who intend to remain for any significant period of time; and (ii) whether those occupants would view the structure as a place to return to during that period." *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 523 (S.D.N.Y. 2015). "[I]n determining whether a particular building is a dwelling or residence, the focus is on whether the individuals that are subject to discrimination use or intend to use the building as a dwelling or residence." *Id.* The Court assumes for purposes of this order that Project Renewal's Anna's Place shelter may qualify as a dwelling governed by the FHA.[5]

---

[5] The Court does not address at this stage whether Anna's Place can qualify both as a public accommodation for purposes of the ADA on the ground that it provides "lodging to transient guests," 42 U.S.C. § 2000a, and as a "dwelling" for purposes of the FHA, which some courts have defined as "an "abode or habitation to which one intends to return as distinguished from the place of temporary sojourn or transient visit," *United States v. Hughes Mem'l Home*, 396 F. Supp. 544, 549 (W.D. Va. 1975); *Jenkins v. N.Y. City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 517-18 (S.D.N.Y. 2009) (observing that courts "continue[ ] to look to the *Hughes* 'plain meaning' analysis in determining what constitutes a dwelling under the FHA").

As with Plaintiff's other claims for disability discrimination, Plaintiff's allegations are nevertheless insufficient to state a claim under the FHA because he does not plead facts showing that defendants were aware of his disability or handicap, and that accommodation of his disability was necessary. Plaintiff thus fails to state a claim on which relief can be granted under the FHA, and these claims are dismissed for failure to state a claim on which relief can be granted, with leave to replead.

**B.      Claims under 42 U.S.C. § 1983**

To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law, known as a "state actor," violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Project Renewal is a private entity that is not alleged to be part of any federal, state, or local government agency. The actions of a private entity are attributable to the state, for purposes of Section 1983, when:

> (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ("the compulsion test"); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ("the joint action test" or "close nexus test"); or (3) when the entity 'has been delegated a public function by the [s]tate' ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citations omitted).

The Second Circuit has explained that is not enough "for a plaintiff to plead state

involvement in 'some activity of the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action." *Sybalski*, 546 F.3d at 257-58 (quoting *Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 428 (2d Cir. 1977)); *see also Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (holding that the fundamental question under each test is whether the private party's challenged actions are "'fairly attributable'" to the State (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Moreover, the fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

Here, Plaintiff alleges that he was injured by staff's failure to enforce limitations on smoking and by their enforcement of a rule against bringing food into the homeless shelter. Plaintiff has not alleged state involvement in the enforcement of rules on smoking or food.[6] In addition, the provision of housing to the homeless is not a public function. *See, e.g.*, *Young v. Halle Hous. Assoc., L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001) ("Although the State of New York has a constitutional interest in providing housing for the needy, the provision of housing, for the poor or for anyone else, has never been the exclusive preserve for the state, but has been left to a regulated, and occasionally subsidized, private marketplace[.]"). Accordingly, because Plaintiff has not alleged facts showing that Project Renewal is a state actor, he cannot state a claim against Project Renewal under Section 1983.

---

[6] Even if shelters are subject to state or local regulations governing smoking or food in temporary shelters, this would be insufficient to show that the shelter's enforcement of the rules constituted state action. *See, e.g.*, *Sybalski*, 546 F.3d at 259 ("While the State of New York has established procedures governing the limitations that mental health facilities place on the ability of patients to receive visitors, the administrators of those facilities make the decision about whether such limitations should be imposed. Accordingly . . . the state's involvement in defendants' decision to restrict the Sybalskis' access to their son is insufficient to render that decision 'state action[.]'").

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because Plaintiff may be able to allege additional facts to state a valid claim under the ADA, the Rehabilitation Act, or the FHA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

11

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0616 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the federal claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction of the state law claims, 28 U.S.C. § 1367(c)(3).

Plaintiff may agree to accept service of documents by email, instead of postal mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  February 26, 2024
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes     ☐ No

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                            State                Zip Code

_____        _____
Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 2:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 3:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.